UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SAMUEL L. KELLAM, III,

        Plaintiff,

v.                                    Case No. 3:22-cv-1273-HLA-LLL

HUSKY, Sgt. Sheriff Dept.
St. Johns County,

        Defendants.

_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, Samuel L. Kellam, III, a detainee confined at the St. Johns County Detention Center, initiated this action *pro se* by filing a complaint for the violation of civil rights (Complaint) (Doc. 1) and a motion to proceed *in forma pauperis* (Doc. 2). He names one defendant, Sgt. Husky. Plaintiff contends Sgt. Husky used excessive force during his efforts to remove a wallet from Plaintiff's pants pocket, Husky successfully removed the wallet from Plaintiff's pants pocket after hitting Plaintiff with a balled fist several times, and took the wallet and $2,790.00. Plaintiff describes Sgt. Husky as using a balled fist to hit Plaintiff's

damaged right side. Plaintiff alleges the property was never returned or entered into Plaintiff's property at the detention facility.

Plaintiff claims the excessive use of force amounting to cruel and unusual punishment and conversion of the property. As relief, he seeks compensatory damages for being beaten while handcuffed and shackled and the sum of $2,790 (the money that was taken and never entered into Plaintiff's property), and asks that Sgt. Husky be removed from his position and made to take a training class before returning to duty.

On the Complaint form, Plaintiff was asked to reveal his prior lawsuits in state or federal court otherwise relating to the conditions of his confinement. Apparently, Plaintiff was less than forthright as he failed to list his prior case, Case No. 5:1997cv00035, Nature of Suit: 555 Prisoner Civil Rights (Prison Condition), United States District Court for the Southern District of Georgia. Complaint at 10-11. He is responsible for answering the questions on the civil rights complaint form truthfully. Of note, "failure to comply with court rules requiring disclosures about a plaintiff's previous litigation constitutes an abuse of the judicial process warranting dismissal." Sears v. Haas, 509 F. App'x 935, 936 (11th Cir.

2013) (per curiam) (citation omitted).[1] As such, dismissal may be warranted for providing false information to the Court and a plaintiff's pro se status is not an acceptable excuse. If Plaintiff decides to file another civil rights action in this Court, he must completely and truthfully respond to all questions on the Complaint form.

The Court must read a plaintiff's pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972) (per curiam). However, the duty of a court to construe pro se pleadings liberally does not require the court to serve as an attorney for the plaintiff. Freeman v. Sec'y, Dep't of Corr., 679 F. App'x 982, 982 (11th Cir. 2017) (per curiam) (citing GJR Invs., Inc. v. Cnty. Of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him or her of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Salvato v. Miley, 790 F.3d 1286, 1295 (11th Cir. 2015); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam) (citation omitted). Liberally construing the Complaint, as this

---

[1] Although the Court does not rely on unpublished opinions as precedent, they may be cited because the Court finds their reasoning persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060-61 (11th Cir. 2022); Fed. R. App. P. 32.1(a).

Court must, Plaintiff's allegations of "conversion", at most, implicate Fourteenth Amendment due process protections. However, a negligent deprivation of personal property does not constitute a due process violation if a meaningful post-deprivation remedy for the loss is available. Hudson v. Palmer, 468 U.S. 517, 533 (1984) (as long as some adequate post-deprivation remedy is available, there is no due process violation). Parratt v. Taylor, 451 U.S. 527, 543-44 (1981) (holding that the Due Process Clause of the Fourteenth Amendment is not violated when a state employee deprives an individual of property, provided that the state makes available a meaningful post-deprivation remedy), overruled in part on other grounds, Daniels v. Williams, 474 U.S. 327 (1986).

Plaintiff has an adequate post-deprivation remedy available to him under Florida law. Lindsey v. Storey, 936 F.2d 554, 561 (11th Cir. 1991) (when a plaintiff had access to an adequate post-deprivation remedy, there is no occurrence of a procedural due process violation). Here, the state remedy satisfies due process. See Cotterman v. Creel, No. 4:14cv642-MW/CAS, 2015 WL 7003425, at * 11 (N.D. Fla. Oct. 19, 2015) (relying on Parratt, and finding the claim should be dismissed as the State of Florida provides a remedy for property loss by a pretrial

detainee), report and recommendation adopted by, 2015 WL 7313397 (N.D. Fla. Nov. 19, 2015). Indeed, "[t]he State of Florida provides adequate post-deprivation remedies whereby plaintiff may sue the defendants in the state courts and recover any damages due him for the loss of his property. See Fla. Stat. § 768.28. Thus, Plaintiff has failed to state a violation of his Fourteenth Amendment due process rights." Cooler v. Escambia Cnty. Det. Facilities, No. 3:07cv188/RV/MD, 2007 WL 3072418, at *5 (N.D. Fla. Oct. 22, 2007).

As far as the exhaustion of administrative remedies, Plaintiff filed an Inmate Request Form addressed to Inmate Property or Inmate Booking on September 23, 2022. (Doc. 1-1 at 1). In his grievance, he states that Sgt. Husky took Plaintiff's wallet out of his pocket with $2700 in cash. Id. Plaintiff complained his wallet was never brought to the facility when he was transported from the hospital to the jail and the funds vanished after being taken from his person by Sgt. Husky and never returned. Id. Plaintiff received a response to the complaint about the stolen/missing money and wallet dated September 27th. (Doc. 1-1 at 1). Attached is the property card which includes a black wallet with contents. Id. at 2. No mention is made of $2,790. Id. There is a listing

of .75 in loose change on the property report and the responder mentions the placement of $9.00 in Plaintiff's inmate account. Id. at 1-2.

The Prison Litigation Reform Act (PLRA) requires an inmate/detainee wishing to challenge his conditions to first exhaust all available administrative remedies before asserting any claim under 42 U.S.C. § 1983. See 42 U.S.C. § 1997e(a). It is a precondition to suit and mandatory under the PLRA. Bryant v. Rich, 530 F.3d 1368, 1374 (11th Cir.), cert. denied, 555 U.S. 1074 (2008). There is a grievance procedure at the institution. (Doc. 1 at 7). When Plaintiff asked to grieve the matter, he was provided an Inmate Request Form, a form construed to be an informal grievance to initiate the administrative grievance process. Id. at 8. However, upon a thorough review of the Inmate Request Form, Plaintiff makes no mention of Sgt. Husky using excessive force by hitting Plaintiff in his already injured side with a balled fist. The entire grievance concerns Plaintiff's "funds missing" and the fact that $2,790 had not been properly processed, returned, or placed in Plaintiff's property.

Even a liberal construction of Plaintiff's allegations reveals he has no chance of success on his due process claim. Apparently, he has not yet

grieved the matter concerning his allegations that he was beaten by Sgt. Husky.[2] If Plaintiff decides to file another civil rights action in this Court, he must completely and truthfully respond to all questions on the Complaint form. As Plaintiff is proceeding pro se, the Court will dismiss the case without prejudice.

Accordingly, it is

**ORDERED:**

1. This case is **DISMISSED without prejudice**.

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 7th day of December, 2022.

United States District Judge

sa 12/7
c:
Samuel L. Kellam, III

---

[2] A prisoner is not required to plead exhaustion. See Jones v. Bock, 549 U.S. 199, 216 (2007). Plaintiff is simply advised that it appears he has not exhausted his administrative remedies with respect to his claim of excessive force against Defendant Sgt. Husky.